IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMES EDWARD ALLUMS,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER<br><br><br><br>Case No. 2:08-CR-30 TS |

This matter comes before the Court on Defendant's Motion to Sever Counts.[1]  For the reasons discussed below, this motion will be denied.

I.   Background

James Allums ("Defendant") is charged in a three-count Superseding Indictment with 1) Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); 2) armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and 3) attempted armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).  He allegedly robbed a KMart and a credit union, and attempted to rob a bank.  He is identified by eyewitness in all three incidents and by voice identification in two of the incidents.

---

[1]Docket No. 25.

Defendant filed the instant motion, arguing that the three counts should be severed because they were improperly joined in the first place and because joinder would be highly prejudicial. The government argues that joinder is proper under Rule 8 of the Federal Rules of Criminal Procedure and that Defendant has failed to carry his burden demonstrating that joinder of the counts would be prejudicial.

II.     Discussion

Rule 8 of the Federal Rules of Criminal Procedure allows for joinder of offenses "if the offenses charged are of the same of similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 14 of the Federal Rules of Criminal Procedure allows for severance of offenses if joinder is prejudicial to the defendant. "[T]he decision whether to sever counts of an indictment for separate trial is a matter committed to the sound discretion of the trial court . . . . Moreover, this is an area in which the trial judge's discretion is very broad."[2]

   A.     Joinder under Rule 8

"According to Rule 8(a), joinder is proper if the offenses are of the same character."[3] In *United States v. Taylor*,[4] the Tenth Circuit permitted joinder of two counts of armed robbery, finding that there was nothing in the record to support a finding "that the jury was incapable of

---

[2] *United States v. Wiseman*, 172 F.3d 1196, 1211 (10th Cir. 1999).

[3] *United States v. Holland*, 10 F.3d 696, 699 (10th Cir. 1993).

[4] 800 F.2d 1012 (10th Cir. 1986).

properly separating the evidence of each robbery as instructed."[5] In *United States v. Nafkha*,[6] the Tenth Circuit upheld a trial's court determination that joinder was proper in a case involving joinder of five counts of bank robbery.[7] The Court found that even though some similarities existed between each robbery, they were not so similar as to cause confusion.[8]

The Court finds that joinder is appropriate. There are several similarities between each robbery, but not enough that confusion is likely. Each robbery took place at a different place and time, and eyewitness testimony helps differentiate each robbery from the others.

    B.    Prejudice

When offenses of the same character are joined, "prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime."[9] A trial court must "weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials."[10]

In *United States v. Utley*,[11] the defendant was charged with four separate counts of assault.[12] In finding that joinder did not prejudice the defendant, the court stated that "the

---

[5] *Id.* at 1017.

[6] 139 F.3d 913 (10th Cir. 1998) (unpublished case).

[7] *Id.* at *4.

[8] *Id.* at *5.

[9] *Id.* (quoting *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1994)).

[10] *United States v. Janus Industries*, 48 F.3d 1548, 1557 (10th Cir. 1995) (quoting *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir. 1992)).

[11] 62 Fed. Appx. 833 (10th Cir. 2003).

[12] *Id.* at 835.

offenses took place on different dates at different locations, and different witnesses and evidence were presented on each count," and there was no indication that the evidence presented was confusing or overlapping, such that joinder was unduly prejudicial.[13]

In this case, the Court finds that Defendant has not met his heavy burden of showing prejudice. The evidence presented, including the eyewitness testimony, the voice identification and the clothing recovered at Defendant's home, is not so confusing and overlapping that a jury would use evidence of one crime to infer guilt for another.[14] The Court also finds that separate trials would result in unnecessary expense and inconvenience to all parties and to the Court.

IV.   Conclusion

For the reasons discussed above, the Court finds that joinder is proper and that Defendant has failed to meet his burden showing that severance is appropriate. It is therefore

ORDERED that Defendant's Motion to Sever Counts (Docket No. 25) is DENIED.

DATED   August 7, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[13] *Id*. at 836 (quoting *Muniz*, 1 F.3d at 1023).

[14] *See Muniz*, 1 F.3d at 1023 (finding that prejudice does not exist unless the evidence is too confusing or unfairly overlapping).