IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>JAMES EDWARD ALLUMS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUBPOENA DECUS TECUM<br><br><br><br>Case No. 2:08-CR-30 TS |

The government moves the Court, pursuant to Fed. R. Crim. P. 17(c), for a subpoena duces tecum requiring Cricket Communications ("Cricket") to produce a colored topographical map of the locations of its cell towers in advance of a February 24, 2009 *Daubert*[1] hearing.  The government admits that Cricket has already provided it with a list of all of the Cricket cell towers in the relevant geographical area, but the government contends that the colored map which it has seen "conveys more effectively" the information which the government's expert will use in his testimony.

In *United States v. Abdush-Shakur*,[2] the Tenth Circuit explained the showing that must be made under Fed. R. Civ. P. 17(c) to support a request for production prior to the trial or hearing:

---

[1]*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[2]465 F.3d 458 (10th Cir. 2006).

1

Rule 17(c) provides that "[a] subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein." Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."[3]

The Court finds that the requested documents are evidentiary and relevant, and that the application is made in good faith and is not intended as a general fishing expedition. However, the government has received a list of all cell phone locations and is therefore capable of creating a map similar to that which is allegedly in Cricket's possession. The Court therefore finds that the government has failed to establish either that the requested document cannot be procured in advance of the hearing by exercise of due diligence or that the government cannot properly prepare for trial without the map allegedly in Cricket's possession.

It is therefore

---

[3]*Id*. at 467 (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) and *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).

ORDERED that the government's Motion for Order Requiring Cricket Corporation, Inc. to Produce Subpoenaed Documents Before February 24, 2009 Hearing (Docket No. 108) is DENIED without prejudice.

DATED   February 18, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge