IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES ALLUMS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:08-CR-30 TS |

This matter is before the Court on a number of pending motions filed by the government and Defendant James Allums. Defendant filed a Motion for Disclosure of Intent to Use Evidence of Other Crimes[1] and a Motion for Disclosure of Expert Witnesses[2] (collectively, the "Disclosure Motions") on July 1, 2008. The government filed a Motion Voice Recognition Evidence is Admissible through Lay Witnesses on July 15, 2008 (the "Voice Recognition Motion").[3] Defendant filed a Motion in Limine on October 17, 2008,[4] requesting that evidence of a 1998 robbery conviction be excluded (the "Conviction Motion"). Defendant also filed a Motion in Limine on

---

[1] Docket No. 36.

[2] Docket No. 37.

[3] Docket No. 39.

[4] Docket No. 59.

November 6, 2008,[5] requesting that testimony from Defendant's alleged drug supplier be excluded (the "Testimony Motion"). A hearing was held on February 11, 2009, at which time the Court heard argument from counsel on all pending motions, as well as testimony from Defendant's alleged drug supplier, relevant to the Testimony Motion.

At the February 11, 2009 hearing, the parties agreed that all expert witnesses had been disclosed.[6] The government requested additional time to determine whether to pursue the use of evidence of certain recent robberies, for which the Defendant is a suspect. The Court granted the government until February 18, 2009, to make that determination. The government has since indicated that it does not intend to use any evidence of other crimes.[7] The Disclosure Motions will therefore be denied as moot. The government also indicated that it does not intend to introduce evidence of a 1998 robbery conviction by the Defendant, except for impeachment purposes, so the Conviction Motion will be granted. Also at the February 11, 2009 hearing, Defendant stipulated to the government's ability to admit voice recognition testimony through law witnesses, so the Voice Recognition Motion will be granted.

The Parties were instructed to file, within ten days, any memoranda supporting their arguments relative to the Testimony Motion. Defendant filed a Supplemental Memorandum in Support of Motion to Exclude Witness Donald Mumford on February 19, 2009.[8] The government

---

[5]Docket No. 66.

[6]The government was instructed to provide copies of all notes used by their expert witness to Defendant by February 16, 2009. There is no evidence that the government failed to meet that deadline.

[7]Docket No. 112.

[8]Docket No. 114.

filed a Supplemental Memorandum of United States in Support of Use of Financial Need Evidence to Show Motive Pursuant to FRE 404(b) on February 21, 2009.[9]

## I.  FACTUAL BACKGROUND

Defendant was incarcerated from December 1998 through April 30, 2007. Parole records for Defendant[10] indicate that, upon his release, he lived with his sister at her apartment until sometime at the beginning of November, 2007. While living with his sister, Defendant was not required to pay rent or help with utilities, but he did assist with other household expenses, such as food. Parole records indicate that Defendant tested negative for controlled substances on April 24, 2007, May 22, 2007, July 10, 2007, and August 14, 2007. Pay stubs provided by Defendant[11] indicate employment with a construction company (the "Construction Employer") from April 30, 2007 through July 6, 2007, and then again from September 17, 2007 through October 14, 2007. It is unclear why Defendant's employment with the Construction Employer ended on July 6, 2007, but parole records indicate that Defendant reported a new job on July 10, 2007, and that he provided a pay stub indicating 84 hours worked on August 7, 2007.

On August 14, 2007, Defendant was arrested for aggravated assault, but the charges were later dropped. After his release on the August 14, 2007 charges, Defendant contacted his alleged drug dealer (the "Drug Dealer"). Defendant and the Drug Dealer had met years before while serving time together at the Utah State Prison. Between September and November 2007, Defendant called

---

[9]Docket No. 116.

[10]Defendant's Exhibit A.

[11]Defendant's Exhibit B.

3

the Drug Dealer over one hundred times.[12] Many of the phone calls, however, are of very short duration, and the Drug Dealer testified at a February 11, 2009 hearing, that short phone calls would likely have gone to his voice mail, and that his drug clients did not leave messages. The Drug Dealer also testified that Defendant would call typically call regarding drugs on Fridays because, Defendant informed him, that was when Defendant got paid. The Drug Dealer also testified that Defendant called him on a number of occasions for personal reasons unrelated to drugs.

The Drug Dealer testified that he believed that Defendant was using drugs, but that he had not personally observed Defendant using drugs, and that Defendant did not *look* like someone who was using drugs on a daily basis. The Drug Dealer testified that Defendant purchased crack cocaine on four or five occasions, and that he would typically purchase approximately 3.5 grams. The Drug Dealer indicated that he believed that Defendant might have been selling some or all of the crack cocaine, and that he could have made money from doing so. Shortly before Defendant was arrested in relation to the current charges, the Drug Dealer gave Defendant crack cocaine worth approximately $200 and represented over two hundred "hits." Defendant did not pay the Drug Dealer for those drugs.

In addition to the $200 owed to the Drug Dealer, Defendant received advances on his paycheck with the Construction Employer in excess of his actual paycheck, leaving Defendant with a debt of $230.13 to the Construction Employer. Defendant did not have to pay rent or utilities to his sister, but may have shared living expenses with his girlfriend, with whom he stayed occasionally during his parole. Additionally, parole records indicate that Defendant purchased a car on August

---

[12]Government's Exhibit 7.

12, 2007, and Defendant owned a cell phone, so he would have had automotive and cell-phone related expenses.

## II. DISCUSSION

The government intends to offer testimony from the Drug Dealer at trial, indicating that Defendant had a drug habit. Such evidence would be inadmissible as improper character evidence under Fed. R. Evid. 404(b), but the government claims that it intends to introduce the evidence only as proof of motive, which would be permissible. Specifically, the government claims that it intends to show that Defendant was unemployed at the time of the robberies, but that he was still using drugs, so that the robberies were motivated by a need to acquire money to buy those drugs.

The government relies on *United States v. Madden*,[13] wherein the Fourth Circuit vacated a robbery conviction which was obtained after admission of the testimony of the defendant's alleged drug dealer. The Fourth Circuit stated, however, that evidence of drug use in a non-drug related case might be admissible as proof of motive under certain limited circumstances.[14] Specifically, the Fourth Circuit stated that the government would have to show more than just a drug habit, but that the habit was significant and that the defendant did not have the means to support the habit.[15] "Just as a need to buy a pocket radio would not be admitted to establish motive to commit bank robbery, so too we do not believe that evidence of occasional drug use should be admitted; financial need is the key element to establish motive."[16]

---

[13] 38 F.3d 747 (4th Cir. 1994).

[14] *Id.* at 751-52.

[15] *Id.*

[16] *Id.* at 752.

The Court finds that the government has failed to prove that the Defendant had a significant drug habit. Defendant was required to submit to controlled substance testing as a condition of his parole, and all the evidence presently before the Court indicates that Defendant passed every substance abuse test. Moreover, the Drug Dealer testified that Defendant did not have the look of someone who uses drugs on a daily basis. While the Drug Dealer testified that Defendant purchased drugs from him on a semi-regular basis from September to November 2007, the Drug Dealer also testified that he believed Defendant might have been selling the drugs. The government argues that the phone records indicate Defendant was calling the Drug Dealer multiple times a day, but the Drug Dealer's testimony indicates that many of these calls may not have resulted in Defendant and the Drug Dealer discussing drugs at all.

The Court also finds that the government has failed to establish an inability by Defendant to support a drug habit. The government has provided evidence of debts owed to the Construction Employer and the Drug Dealer, but these debts total less than $500. Although Defendant likely had automotive and cell-phone expenses every month, the government has provided no evidence regarding those expenses. Moreover, Defendant did not have to pay rent or utilities while living with his sister. Defendant has provided evidence of regular employment for most of the period from April 30, 2007 through October 14, 2007. The absence of employment after October 14, 2007, may provide some evidence of financial need, but not sufficient to establish the financial need required by the Fourth Circuit in *Madden*.

The testimony of the Drug Dealer is only minimally probative of motive on the part of Defendant. Because Defendant is charged with bank robbery, and not a drug offense, it is also highly prejudicial. The Court finds that the prejudice to Defendant from admission of the Drug

Dealer's testimony would substantially outweigh the probative nature of the evidence, and the testimony will be excluded.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Disclosure of Intent to Use Evidence of Other Crimes (Docket No. 36) and Motion for Disclosure of Expert Witnesses (Docket No. 37) are DENIED as moot.  It is further

ORDERED that the government's Motion Voice Recognition Evidence is Admissible through Lay Witnesses (Docket No. 39) is GRANTED.  It is further

ORDERED that Defendant's Motion in Limine of Prior Robbery Conviction (Docket No. 59) is GRANTED.  It is further

ORDERED that Defendant's Motion in Limine (Docket No. 66) is GRANTED.

DATED   February 26, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge