IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES ALLUMS,<br><br>    Defendant. | MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE<br><br><br><br>Case No. 2:08-CR-30 TS |

This matter is before the Court on two Motions in Limine filed by the government. In the first, filed February 23, 2009,[1] the government notified the Court of its intent to use Defendant's cell phone call records to establish the location of Defendant near the time of the robberies for which Defendant is charged. In the second, filed March 3, 2009,[2] the government notified the Court of its intent to use testimony from Defendant's former parole officer to identify the Defendant's voice as that recorded by surveillance equipment during the course of one of the robberies. Defendant argues the evidence should be excluded under Fed. R. Evid. 403 and 404.

---

[1] Docket No. 117.

[2] Docket no. 123.

1

I.  EVIDENTIARY STANDARDS

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 402 declares that all relevant evidence is admissible, "except as otherwise provided by . . . these rules [of evidence] . . . ."  Relevant to the issues presently before the Court, Fed. R. Evid. 403 allows exclusion of evidence if the probative nature of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," and Fed. R. Evid. 404(b) precludes evidence of prior bad acts except in certain circumstances.  The determination of whether to admit or exclude evidence under the Federal Rules of Evidence is within the Court's discretion.[3]

II.  DISCUSSION

A.   CELL PHONE CALL DETAILS

The government has indicated that it intends to introduce evidence of phone calls allegedly placed by Defendant on the day of the first and second robberies for which Defendant has been charged.  The government intends to call an individual identified by the government as Defendant's friend and alleged drug dealer (the "Drug Dealer"), in order to establish that at least some of the phone calls were placed by Defendant to an individual he knew well.  The government argues that this will help establish that Defendant, and not someone else, was in possession of Defendant's cell phone at the time.

---

[3]*United States v. Schene*, 543 F.3d 627, 642 (10th Cir. 2008).

The Court has already held that the government will not be allowed to introduce into evidence testimony regarding Defendant's alleged drug activity.[4] The Court's ruling was based on its finding that any such testimony was inadmissible under Fed. R. Evid. 404(b). The government now indicates an intent to introduce evidence that Defendant called the Drug Dealer on the days and near the times of the first and second robberies allegedly committed by Defendant.

Defendant argues that the Drug Dealer is currently incarcerated, and that he would be required to testify while dressed in prison attire. Defendant argues that the jury would also learn about the Drug Dealer's criminal history, especially that the Drug Dealer is currently imprisoned for drug distribution, and Defendant argues that the jury may infer from that history and the evidence that Defendant has called him repeatedly that Defendant is also involved in drugs. Defendant also argues that the Drug Dealer's testimony is not probative of whether Defendant called on the days in question because the Drug Dealer previously testified, at a February 24, 2009 hearing, that he did not speak to Defendant on the days in question, and indicated that any calls that he didn't answer would have gone to voice mail, and that Defendant never left voice mail messages.

The Court notes that any testimony elicited that Defendant was making the phone calls in relation to his alleged drug habit would be a violation of the Court's previous ruling, and would be otherwise inadmissible under Fed. R. Evid. 404(b). However, the Court also finds that Defendant's acquaintance with the individual or individuals to whom phone calls were placed is probative of the fact that the caller in question was Defendant, rather than someone else. Moreover, the fact that Defendant placed phone calls to the Drug Dealer, an individual with whom Defendant was

---

[4]Docket No. 119.

3

acquainted, does not implicate Fed. R. Evid. 404(b), so long as the testimony does not stray into the alleged reasons for the phone calls.

The Court finds that the call records themselves are admissible under the federal rules of evidence, subject to a proper foundation for their admission being laid.[5] However, the Court also finds that the Drug Dealer's testimony is admissible for the very narrow purpose of establishing that the cell phone calls allegedly placed using Defendant's cell phone were placed by Defendant, and not someone else. The government should inform the Drug Dealer not to mention that he was a source of drugs for Defendant nor characterize the exact nature of their relationship. The government should ask its questions of the Drug Dealer carefully so as to not elicit testimony of their drug related relationship.

B.  TESTIMONY FROM DEFENDANT'S PRIOR PAROLE OFFICER

The government has indicated its intent to call Defendant's former parole officer to testify regarding a recording of the voice of the individual who attempted the third robbery for which Defendant has been charged. Surveillance equipment at the bank captured the robber's voice, and the parole officer has indicated that it is Defendant's voice and that he is willing to testify to that effect. The Court finds that evidence that the voice on the recording is Defendant's is highly probative of Defendant's guilt. Defendant argues, however, that having the parole officer testify will bring in evidence of Defendant's past crimes, either directly or by implication, in violation of Fed.

---

[5]Defendant cites to *United States v. Summers*, 414 F.3d 1287 (10th Cir. 2005), for the proposition that inference may not be stacked upon inference. However, this is not a case where one inference is needed in order to make another inference, and so on. Instead, the cell phone records allow a direct inference that Defendant was near the location of the robberies around the time the robberies were committed, which is evidence of an opportunity to commit the crimes.

R. Evid. 404(b). Moreover, Defendant argues that the government has two additional witnesses who can identify Defendant's voice, so that the parole officer's testimony is unnecessarily cumulative.

The government proposes to call the parole officer, but to have him be identified only as a friend, associate, or acquaintance of Defendant's. Defendant argues, however, that parole officers and their charges often have "contentious and tumultuous"[6] relationships, potentially leading to bias on the part of the parole officer. Defendant argues that the government's proposal puts Defendant in the difficult circumstance of choosing between not addressing the potential bias or addressing it on cross-examination and risk opening the door to the government inquiring about Defendant's criminal history on redirect.

In *United States v. Contreras*,[7] the Tenth Circuit upheld a district court decision to allow probative testimony by a probation officer, indicating that it is not unfair to require defendants to make "difficult strategic decisions."[8] Under the government's proposal, testimony from the parole officer will go solely to identification of the voice of the robber. The Court finds that the testimony of the parole officer is probative for that very narrow purpose. The Court also finds that the risk of undue prejudice to Defendant is low, so long as the government does not inquire, on direct, regarding the specific nature of the relationship between the parole officer and Defendant.

The Court reserves judgment on the question of whether testimony offered by the parole officer would be unnecessarily cumulative, as such a decision is appropriate only in context of trial.

---

[6] Docket No. 131 at 3.

[7] 536 F.3d 1167 (10th Cir. 2008).

[8] *Id.* at 1171 (citing *United States v. Allen*, 787 F.2d 933, 937 (4th Cir. 1986)).

## III.  CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine to Use Defendant's Cricket Call Detail Records (Docket No. 117) is GRANTED in part and DENIED in part, as described above.  It is further

ORDERED that the government's Motion in Limine Regarding Witness Howard (Docket No. 123) is GRANTED in part and DENIED in part, as described above.

DATED   March 12, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge