IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ALLUMS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER<br><br><br><br>Case No. 2:08-CR-30 TS |

This matter is before the Court on a Motion for Reconsideration, filed by the government on March 16, 2009.  In its Motion, the government requests that the Court reconsider its February 26, 2009, decision excluding the testimony of Defendant's alleged drug dealer,[1] in which the Court found the testimony was improper under Fed. R. Evid. 404(b) and rejected the government's claim that Defendant's alleged drug habit was evidence of motive.  The government now argues that evidence of Defendant's alleged drug habit is "inextricably intertwined with the charged offense . . . the telling of which is necessary to complete the story of the charged offense."[2]

---

[1] Docket No. 119.

[2] Docket No. 152 at 4 (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).

1

The government's Motion for Reconsideration is inappropriate, as it merely advances arguments that could have been raised previously. "Absent extraordinary circumstances, . . . the basis for the second motion [to reconsider] must not have been available at the time when the first motion was filed . . . . It is not appropriate to . . . advance arguments that could have been raised in prior briefing."[3]  A motion to reconsider may be warranted upon a showing of: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest justice.[4]  The government has failed to show that any of the three factors are present, so reconsideration of the Court's February 26, 2009, Order is unwarranted. However, even considering the government's motion on the merits, it must be denied.

The Tenth Circuit has stated that "[e]vidence of other crimes should not be suppressed when those facts come in as *res gestae*–as part and parcel of the proof of the offense charged in the Indictment."[5]  The government claims that:

> Without [the drug dealer's] testimony, the jury would be confronted with evidence that the defendant got out of prison, was without much money, had expenses, made over 110 calls to an individual named Mumford, robbed several banks, and immediately before the first robbery and immediately after the second, was persistently, if not frantically, attempting to get a hold of [the drug dealer]. [The drug

---

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *See also Lyons v. New Mexico Dept. of Corrections*, 12 Fed. Appx. 772, 773 (10th Cir. 2001); *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1171 (D. Kan. 1999) ("the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case . . . . A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.").

[4] *Id.*

[5] *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (internal citations and brackets omitted).

dealer's] testimony completes the whole story that Mumford was trying to spend money he obtained during the bank robberies, whether on drugs or something else.[6]

The government's argument is without merit.

Defendant is charged with three counts of armed robbery, not drug activity, so any evidence of alleged drug purchases would be highly prejudicial and confusing to the jury. Moreover, any drug evidence would have minimal, if any, probative value. The government's own arguments indicate that, at best, evidence of Defendant's calls to his alleged drug dealer would provide evidence of how Defendant wished to spend the money he allegedly stole. To the extent the government is arguing that this provides evidence of motive, the Court will not reconsider its February 26, 2009, Order regarding motive evidence. Likewise, the Court finds no probative value in evidence of how Defendant intended to spend the money he allegedly stole.

Without the testimony of the alleged drug dealer, the jury will be presented with evidence related to the three robberies. It is proper that a determination of Defendant's guilt relative to those three robberies be based on that evidence alone, and not have their deliberations tainted by irrelevant testimony regarding alleged drug activity by Defendant. It is therefore

ORDERED that the government's Motion for Reconsideration (Docket No. 152) is DENIED.

DATED   March 30, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] Docket No. 152.