IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>JAMES ALLUMS,<br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE<br><br><br><br><br>Case No. 2:08-CR-30 TS |

This matter is before the Court on Defendant's Motion in Limine to Exclude Evidence of Irrelevant Call Detail Records. The government has indicated that it intends to introduce expert testimony from an FBI Agent (the "Agent") regarding the location of Defendant's cell phone on the days of the robberies. The Agent will testify that the call detail records ("CDRs") from Defendant's cell phone allow the Agent to offer an approximate location for Defendant each time Defendant placed a phone call from his cell phone. Defendant's Motion to Exclude that testimony was previously denied by the Court.[1] The government now indicates that it also intends to elicit from the Agent evidence regarding the location of the Defendant's cell phone on days other than the days Defendant allegedly committed the robberies. Defendant moves the Court to exclude that evidence,

---

[1]Docket No. 155.

arguing that it is irrelevant because it is not probative and because it could confuse or mislead the jury.  Because the Court finds that the probative value of the government's proposed evidence is not substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading of the jury, the Court will deny Defendant's Motion in Limine.

## I.  EVIDENTIARY STANDARDS

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 402 declares that all relevant evidence is admissible, "except as otherwise provided by . . . these rules [of evidence] . . . ."  Relevant to the issues presently before the Court, Fed. R. Evid. 403 allows exclusion of evidence if the probative nature of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," and Fed. R. Evid. 404(b) precludes evidence of prior bad acts except in certain circumstances.  The determination of whether to admit or exclude evidence under the Federal Rules of Evidence is within the Court's discretion.[2]

## II.  DISCUSSION

The government has indicated that, in addition to the CDRs for Defendant's cell phone on the days of the robberies, they intend to introduce the CDRs for Defendant's cell phone for three additional time periods: (1) cell phone calls made from Defendant's residence between October 2007 through December 2007; (2) multiple phone calls made to Defendant's cell phone on or around November 7, 2007, at a certain retail store where it was located after Defendant misplaced it while

---

[2]*United States v. Schene*, 543 F.3d 627, 642 (10th Cir. 2008).

visiting the store; and (3) a phone call made to Defendant's cell phone at the time a Utah corrections officer visited Defendant's residence.  While these categories of cell phone calls are not directly linked to the robberies that Defendant is alleged to have committed, the government argues that they are probative in that they buttress the government's other CDR evidence.  Specifically, the government argues that each of the phone calls described above used the cell tower closest to Defendant's cell phone at the time, which supports the government's theory that Defendant was located near the originating cell tower for each of the phone calls made the days of the robbery.

Defendant argues, in similar fashion to his arguments regarding CDR evidence, in general, that the evidence is not probative because any number of factors could cause a cell phone to use a cell tower other than the one closest to the phone.  Defendant argues that the fact that Defendant's cell phone used the closest cell tower for the phone calls described above does not mean that it did so on the days of the robberies, and that the extra cell phone evidence is irrelevant.  Defendant is partially correct, in that the government's evidence is insufficient to prove the validity of the proposed expert testimony regarding Defendant's whereabouts on the days of the robberies. However, evidence need not be dispositive in order to be relevant, and the government's proposed evidence offers some additional support for where the Defendant was on the days of the robberies.

Defendant is correct that there are questions regarding the reliability of the evidence, and as noted by the Court in its March 24, 2009, Order, those questions, particularly the factors that would cause a cell phone to use a tower other than the closest cell tower, are legitimate subjects for cross-examination.  However, it is precisely those legitimate questions regarding the reliability of the evidence that strengthens the probative nature of the additional CDR evidence which the government desires to introduce.

3

Defendant also argues that the records will lead to confusion of the issues and confusion of the jury, in that it would add additional pages of CDR data to the multiple pages which the jury will already receive, and that it will add data for days other than those on which Defendant allegedly committed the robberies.  The Court finds that, so long as a proper foundation is laid for the introduction of evidence, there is minimal chance that the jury will be confused by additional data, or that they will be confused by call data for days other than those on which Defendant allegedly committed the robberies.  However, the Court is also aware of the potential for " undue delay" due to "needless presentation of cumulative evidence,"[3] and may revisit its ruling during trial as the government's CDR evidence accumulates.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence of Irrelevant Call Detail Records (Docket No. 149) is DENIED.

DATED   March 30, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[3]Fed. R. Evid. 404(b).

4