IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>JAMES ALLUMS,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER ON MOTION IN LIMINE<br><br><br><br>Case No. 2:08-CR-30 TS |

　　This matter is before the Court on the government's motion in limine,[1] seeking a ruling from the Court "that Defendant may not offer his own statements through Government's witnesses."[2] Defendant has indicated that the government has provided notice that it intends to use excerpts from recorded phone calls made by Defendant while incarcerated.

　　The government argues that Defendant may be precluded from introducing other portions of those phone calls, in which Defendant may have offered exculpatory statements. The government argues that any such statements by Defendant would be inadmissible hearsay, and that if Defendant wishes to rebut the excerpted statements with his own statements, he may do so only by taking the

---

[1] The government filed a document titled "Notice of Intent to Use Defendant's Statements," yet also referenced a motion in limine. The Court will therefore deal with the government's request as if properly filed as a Motion in Limine.

[2] Docket No. 138 at 1.

1

stand and testifying. Defendant argues, in response, that when part of a recording or writing is introduced by one party, Fed. R. Evid. 106 requires the Court to admit "any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

There is no question that a previous out-of-court statement by Defendant, if offered for the truth of the matter, is inadmissible hearsay if introduced by Defendant but admissible as an admission by a party-opponent if introduced by the government.[3] As a general rule, therefore, Defendant may not introduce his prior out-of-court statements for the truth of the matter, even to rebut other prior out-of-court statements made by him which were introduced by the government. However, Defendant is also correct that the "completeness doctrine of Rule 106"[4] requires admission of "those additional portions of a redacted or excerpted statement which are 'necessary to explain the admitted portion, to place it in context, or to avoid misleading the trier of fact.'"[5] "[A] redacted version of a defendant's . . . statement is impermissible if it 'unfairly distorts the original' or 'excludes substantially exculpatory information.'"[6]

Prior to making a finding regarding whether admission of the government's evidence requires admission of additional material from the recorded phone calls, the Court must be presented with the specific excerpts which the government intends to introduce, and Defendant must be provided

---

[3]Fed. R. Evid. 801.

[4]*United States v. Larranaga*, 787 F.2d 489, 500 (10th Cir. 1986).

[5]*United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982). *See also United States v. Sweiss*, 814 F.2d 1208, 1211-12 (7th Cir. 1987) (holding that the "doctrine of completeness" requires additional portions to be admitted if "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the trier of fact, or to insure a fair and impartial understanding.")

[6]*United States v. Zamudio*, 1998 WL 166600, *5 (10th Cir. Apr. 6, 1998) (quoting *United States v. Mussaleen*, 35 F.3d 692, 696 (2d Cir. 1994)) (internal brackets omitted).

with an opportunity to present those additional portions which Defendant believes are necessary to explain the government's excerpts or otherwise put them into context.  The Court will therefore reserve judgment on the government's motion until such time as the government's proposed excerpts and Defendant's proposals for additional excerpts have been received and reviewed by the Court.

DATED   April 6, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge