IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ALLUMS,<br><br>Defendant. | MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE<br><br><br><br>Case No. 2:08-CR-30 TS |

This matter is before the Court on the government's Motion in Limine, in which the government notified the Court of its intent to use testimony from Detective Stephen Hartney, a Detective with the Salt Lake City Police Department, to identify Defendant as the individual recorded by surveillance equipment during the course of one of the robberies. Defendant argues the evidence should be excluded under Fed. R. Evid. 403 and 404.

I. EVIDENTIARY STANDARDS

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 402 declares that all relevant evidence is admissible, "except as otherwise provided by . . . these rules [of evidence] . . . ." Relevant to the

1

issues presently before the Court, Fed. R. Evid. 403 allows exclusion of evidence if the probative nature of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," and Fed. R. Evid. 404(b) precludes evidence of prior bad acts except in certain circumstances. The determination of whether to admit or exclude evidence under the Federal Rules of Evidence is within the Court's discretion.[1]

## II.  DISCUSSION

The government has indicated its intent to call Detective Hartney to testify regarding his investigation of the attempted robbery of the Home Savings Bank on November 30, 2007, one of the robberies for which Defendant has been charged. Included in that testimony would be the identification of Defendant as the individual captured on surveillance video during the attempted robbery. Detective Hartney was the first police officer to respond to the bank alarm, which was activated by Home Savings Bank employees during the attempted robbery. After arriving at the Home Savings Bank, Detective Hartney viewed the bank's surveillance video of the attempted robbery, and recognized Defendant as the robber. Detective Hartney has indicated that he is willing to testify to that effect. Detective Hartney is familiar with Defendant because Defendant was a suspect in a number of other robberies which Detective Hartney investigated in August 2007.

The Court finds that evidence that the individual on the surveillance video is Defendant is highly probative of Defendant's guilt. Defendant argues, however, that having Detective Hartney testify will bring in evidence of Defendant's alleged past crimes, either directly or by implication, in violation of Fed. R. Evid. 404(b). Moreover, Defendant argues that the government has other

---

[1]*United States v. Schene*, 543 F.3d 627, 642 (10th Cir. 2008).

witnesses, including members of Defendant's family, who can identify Defendant from the surveillance video, so that Detective Hartney's testimony is unnecessarily cumulative.

The government intends to call Detective Hartney to testify regarding his investigation of the attempted robbery of the Home Savings Bank, which would include his viewing of the surveillance video and recognition of Defendant as the individual seen on the video attempting to rob the bank. Conceding that it may be improper to identify the specific reason why Detective Hartney is familiar with Defendant, the government proposes to have Detective Hartney identify Defendant as someone he had spoken to previously, thus avoiding the prejudice of having Detective Hartney identify Defendant as a suspect in other robberies. Defendant argues, however, that law enforcement and criminal defendants often have "contentious and tumultuous"[2] relationships, potentially leading to bias on the part of Detective Hartney. Defendant argues that the government's proposal puts Defendant in the difficult circumstance of choosing between not addressing the potential bias or addressing it on cross-examination and risk tainting the jury with the prior accusations of robbery leveled against Defendant.

In *United States v. Contreras*,[3] the Tenth Circuit upheld a district court decision to allow probative testimony by a probation officer, indicating that it is not unfair to require defendants to make "difficult strategic decisions."[4] Under the government's proposal, testimony from Detective Hartney will go solely to identification of the robber. The Court finds that the testimony of Detective Hartney is probative for that very narrow purpose. The Court also finds that the risk of

---

[2] Docket No. 177 at 3.

[3] 536 F.3d 1167 (10th Cir. 2008).

[4] *Id.* at 1171 (citing *United States v. Allen*, 787 F.2d 933, 937 (4th Cir. 1986)).

undue prejudice to Defendant is low, so long as the government does not inquire, on direct, regarding the specific nature of the relationship between Detective Hartney and Defendant.

Moreover, Detective Hartney's identification of the individual on the surveillance video as the Defendant is "evidence concerning the chronological unfolding of events that led to an indictment, or other circumstances surrounding the crime,"[5] and therefore admissible to explain the decision of Detective Hartney to focus his investigation exclusively on Defendant,[6] subject to the strict limitations described above.

The Court reserves judgment on the question of whether testimony offered by Detective Hartney would be unnecessarily cumulative, as such a decision is appropriate only in context of trial.

### III.  CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine (Docket No. 165) is GRANTED in part and DENIED in part, as described above.

DATED   April 9, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *United States v. Ojomo*, 332 F.3d 485, 489 (7th Cir. 2003) (internal quotations omitted).

[6] *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994) (holding that otherwise inadmissible evidence may be admissible if it is "inextricably intertwined with the charged crime such that a witness' testimony would have been confusing and incomplete without mention" of the evidence.)