IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES EDWARD ALLUMS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE<br><br><br><br>Case No. 2:08-CR-30 TS |

The government has indicated that, during its case in chief, it plans to introduce into evidence the recordings of certain phone calls placed by Defendant while he was incarcerated awaiting trial in this case (the "Recordings"), as well as a post-arrest recorded interview between two Salt Lake City Police Department Detectives and Defendant (the "Interview"). The Recordings have been the subject of two previous orders by the Court. In the first, issued April 6, 2009, the Court held that Fed. R. Evid. 801(d)(2) permitted the government to introduce Defendant's prior recorded statements as admissions by a party opponent, but that Fed. R. Evid. 106 might require admissions of additional portions of the recording which would be "necessary to explain the admitted portion[s], place [them]

1

in context, or to avoid misleading the [jury]."[1] The Court's second ruling, issued April 9, 2009, was in response to Defendant's general objections to the admissibility of the Recordings, and compelled the government to produce transcripts of the recordings prior to trial, so that the Court could rule on their admissibility. The government filed a Motion to Consider Additional Excerpts as Timely Filed, requesting that the Court consider two additional excerpts that were mistakenly omitted from the government's original submission in compliance with the Court's April 9, 2009 Order. The Court has now reviewed the Recordings and Interview, as well as Defendant's proposed supplements under Fed. R. Evid. 106, and is prepared to rule on their admissibility.

## I. EVIDENTIARY STANDARDS

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 402 declares that all relevant evidence is admissible, "except as otherwise provided by . . . these rules [of evidence] . . . ." Fed. R. Evid. 403 allows exclusion of evidence if the probative nature of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 404(b) precludes evidence of prior bad acts except in certain circumstances.

Fed. R. Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(d)(2)(A) and (B) remove from the definition of hearsay any statement "offered against a party" which is "the party's own statement, in either an individual or representative

---

[1] *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982). *See also United States v. Zamudio*, 1998 WL 166600, *5 (10th Cir. Apr. 6, 1998).

capacity," or is "a statement of which the party has manifested an adoption or belief in its truth." Fed. R. Evid. 802 makes hearsay inadmissible unless covered by one of the hearsay exceptions defined in Fed. R. Evid. 803 or 804.

Evidence, in order to be admissible, must be able to pass muster under all the Federal Rules of Evidence.[2]

## II.  DISCUSSION

Defendant has raised a number of objections to the recordings, including that they are not probative of any of the elements of the crimes for which Defendant has been charged. The government argues in response that the Recordings are admissible because they show consciousness of guilt. In support, the government cites to *United States v. Marin*,[3] in which the defendant was caught making false representations to the authorities.[4] The Second Circuit held that making false statements to authorities in connection with an investigations, especially after arrest, was sufficient for the jury "to infer a consciousness of guilt, and hence guilt."[5]

In contrast, only the Interview contains statements made by Defendant to authorities; each of Defendant's statements in the Recordings is made to third parties, either his sister or his girlfriend. The Tenth Circuit has upheld the admission of taped conversations between a defendant and a third party under two circumstances: (1) to prove motive and consciousness of guilt when a defendant is

---

[2] *See*, *e.g.*, *United States v. Oberle*, 136 F.3d 1414, 1418 (10th Cir. 1998) (holding that, even if admissible under Fed. R. Evid. 801(d)(2), statements must still be analyzed as to their admissibility under the remaining Federal Rules of Evidence).

[3] 669 F.2d 73 (2d Cir. 1982).

[4] *Id.* at 84.

[5] *Id.*

3

charged with obstruction of justice;[6] and (2) when there is direct evidence that the defendant has made a threat against a government witness, in an attempt to change the witness' testimony.[7] The government has not charged Defendant with obstruction of justice, nor has it provided any direct evidence of a threat by Defendant against any potential government witness. The Court therefore rejects the government's consciousness of guilt argument with regard to the Recordings.

Moreover, the Court is troubled by the confusing nature of many of the excerpts from the Recordings and the Interview. When taken in isolation, to say that the excerpts are cryptic would be generous. Taken without any surrounding context, the majority of the excerpts would be meaningless to the jury, and would have a substantial likelihood of confusing the issues and misleading the jury. In order to put the excerpts in some semblance of context, it would be necessary for the Court to admit portions of the Recordings and Interview wherein individuals other than Defendant are recorded. These statements would be clearly outside the scope of Fed. R. Evid. 801(d)(2) and are not covered by any other exceptions to the Hearsay Rule. Therefore, the only way that many of the excerpts can be put into context would be to admit significant amounts of inadmissible hearsay.

The Court finds that the government's proposed excerpts from the Recordings and Interview are largely irrelevant and that their minimal probative value is substantially outweighed by the danger of unfair prejudice to Defendant, confusion of the issues, and misleading the jury. Therefore, subject to the exceptions listed below, the Court will exclude the excerpts of the Recordings and Interview.

---

[6] *United States v. Sutton*, 732, F.2d 1483, 1489 (10th Cir. 1984).

[7] *United States v. Smith*, 629 F.2d 650, 651 (10th Cir. 1980).

A.      THE INTERVIEW

The government has submitted eight excerpts from the Interview which it wishes to introduce. Only the fourth excerpt, found on page 20 of the transcript (ALL-000690), and continuing onto the next page, and the eighth excerpt, found on page 48 of the transcript (ALL-000718), will be admitted. Both excerpts are potential false representations to authorities, made post-arrest, and may therefore be probative of consciousness of guilt. The Court finds that no additional statements are necessary under Fed. R. Evid. 106 to put the excerpts into context.

B.      MARCH 27, 2008 PHONE CALL

Defendant has stipulated to the admission of an excerpt from page 12 of the transcript (ALL-003424), so the Court will admit the excerpt. Moreover, it does not appear that any other statements are necessary to put it into context.

C.      MARCH 29, 2008 PHONE CALL

Defendant has stipulated to all four excerpts from this phone call, beginning on page 8 of the transcript (ALL-003434), and continuing onto the next two pages. The Court will therefore admit all four excerpts. The Court will also require the admission of one additional statement which it believes is necessary to put the government's excerpts into context. Specifically, the Court will require the admission of Defendant's first statement on the top of page 11 of the transcript (ALL-003437), beginning with the words "But man, I wasn't . . ." The Court will require the admission of this additional statement because it indicates that Defendant was admitting to his girlfriend that he has made mistakes, but he also denies having committed the robberies.

D.      MARCH 30, 2008 PHONE CALL

Defendant has stipulated to the admission of the only excerpt from this phone call, contained on page 18 of the transcript (ALL-003492). The Court will therefore allow the admission of the

excerpt. Moreover, the Court finds that no additional statements are required to put the excerpt into context.

E.   APRIL 6, 2008 PHONE CALL (1:21 P.M.)

Defendant has stipulated to the admission of the government's first and second excerpts offered by the government, found on transcript pages 5 (ALL-003529) and 8 ( ALL-003532). The Court finds that the first excerpt is relevant to whether the cell calls the government will analyze were made by Defendant or by someone else. The second excerpt is relevant to whether the coat worn by one of the robbers was the same as the coat found at Defendant's residence and whether Defendant owned the coat. The Court finds that no additional statements are needed to place the first excerpt in context. However, the Court finds that an additional statement is required to place the second statement in context. Specifically, the Court will require the admission of Defendant's last statement on page 7 of the transcript (ALL-003531), beginning with the words "Yeah. Some, some blue . . ." because it provides context that Defendant is not admitting ownership of the coat.

F.   APRIL 11, 2008 PHONE CALL

The Court will admit the first ten excerpts proposed by the government, contained on pages 13 and 14 of the transcript (ALL-003565 to ALL-003566). These excerpts are relevant to Defendant's whereabout on the afternoon of one of the robberies. Moreover, Defendant has stipulated to the admission of excerpts seven through ten. The Court finds that no further statements are necessary to place the excerpts into context.

G.   MAY 23, 2008 PHONE CALL

Defendant has stipulated to the first two excerpts proposed by the government, contained on page 6 of the transcript (ALL-004852), so the Court will admit the excerpts. However, the Court

will require the admission of three additional statements in order to put the government's excerpts into context. Specifically, the Court will require the admission of: (1) Defendant's statement on page 6 of the transcript, beginning with the words "I fucked up from what I did . . ."; and (2) two of Defendant's statements from page 7 of the transcript (ALL-004853), the first beginning with "yeah because I did wrong for leaving . . ." and the second beginning with "uh, I did the wrong . . . ." The Court will require the admission of these additional statements because they allow the inference that Defendant was not admitting to the robberies, but rather to some other incident in Defendant's domestic relationship with his girlfriend.

Defendant has also stipulated to the sixth excerpt, contained on page 19 of the transcript (ALL-004865), so the Court will admit the excerpt. The Court also finds that no additional statements are necessary to put the excerpt in context.

H.      SEPTEMBER 2, 2008 PHONE CALL

The government's proposed excerpt is on page 14 of the transcript (no Bates number provided), and is relevant to identification of Defendant as the robber. The Court will therefore allow admission of the excerpt. Moreover, the Court finds that no additional statements are required in order to put the excerpt into context.

### III. CONCLUSION

It is therefore

ORDERED that the government's Motion to Consider Additional Excerpts as Timely Filed (Docket No. 182) is GRANTED. It is further

ORDERED that the government's proposed excerpts, described specifically above, shall be deemed admissible, subject to a proper foundation being laid at the time of admission. All other excerpts submitted by the government will be excluded.

DATED   April 14, 2009.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge