IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES EDWARD ALLUMS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR MISTRIAL WITH PREJUDICE<br><br><br><br>Case No. 2:08-CR-30 TS |

This matter is before the Court on Defendant's Motion for Mistrial with Prejudice, or in the Alternative, Dismissal of Count Three, based on the alleged failure by the government to comply with its *Brady*[1] obligations. Defendant is charged in the Indictment with: (1) one count of Hobbs Act Robbery; (2) one count of armed credit union robbery; and (3) one count of attempted armed bank robbery.

I.  BACKGROUND

In the first two robberies, the robber wore a mask the entire time, making facial identification by the victims impossible.  In the third robbery, however, the robber removed the mask for a brief

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

1

period of time, and the robber's face was viewed by at least one witness and was captured on surveillance video.

Two individuals, the bank President and the bank Vice President, both of whom had potentially seen the robber's face, were asked by law enforcement to view a photo lineup. Prior to trial, the defense had been informed that neither the President nor the Vice President had been able to identify anyone during the photo lineups. Likewise, the government represented to the Court that, prior to trial, neither individual had made any identification during the photo lineup. The police officer who conducted the photo lineup (the "Officer") stated in his report that the Vice President "was not able to identify Allums as a suspect." However, in the afternoon of the first day of the evidentiary portion of trial, the Vice President was called to testify and indicated that he had made an identification during the photo lineup.

The Officer was subsequently recalled to testify and was questioned regarding the photo lineup. Describing the photo lineup, the Officer indicated that he showed the Vice President six photos and requested that the Vice President indicate any individual that he could identify as the robber. The Officer testified that the Vice President selected two photos, one of the Defendant and one of another individual. The Officer further testified that, when asked whether one of the two photos was the robber, the Vice President stated that he was not sure, but that his "best guess" was that it was the individual other than the Defendant. The Officer testified that he did not consider the Vice President's answer to be a positive identification because the Vice President said that he was not sure and was just guessing, and so did not include any notation of a positive identification in his official report. During the Officer's testimony, the photos used in the photo lineup were introduced into evidence and the two photos which were selected by the Vice President were specifically identified by the Officer. Moreover, the government has provided evidence that the other individual

2

selected by the Vice President during the photo lineup was incarcerated at the time of the attempted bank robbery, making it impossible that he could have committed the robbery.

Defendant argues that the identification by the Vice President of an individual other than Defendant is both material and exculpatory, that the government suppressed the evidence, and that Defendant was prejudiced by the failure of the government to disclose the evidence prior to trial. Specifically, Defendant argues that failure to disclose the Vice President's selection of a photo other than that of the Defendant prohibited the defense from investigating other possible suspects for the crimes.

The government responds that the lack of prior disclosure of the Vice President's actions during the photo lineup did not prejudice the Defendant because earlier disclosure would not have provided Defendant any additional advantage at trial. The government argues that Defendant was able to cross-examine the Officer and to call or recall any witnesses that it believed necessary to address the issue, and that such options effectively mitigated any potential prejudice.

## II. STANDARD OF REVIEW

A mistrial may be granted "only when a defendant's right to a fair and impartial trial has been impaired."[2] "A defendant who seeks a new trial based on an alleged *Brady* violation must show by a preponderance of the evidence that '(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material.'"[3] The proper focus of the inquiry is

---

[2] *United States v. Nash*, 482 F.3d 1209, 1217 (10th Cir. 2007) (quoting *United States v. Cavely*, 318 F.3d 987, 997 (10th Cir. 2003)).

[3] *United States v. Ford*, 550 F.3d 975, 981 (10th Cir. 2008) (quoting *United States v. Quintanilla*, 193 F.3d 1139, 1149 & n.10 (10th Cir. 1999)).

not whether the government acted in bad faith or not, but rather the nature of the evidence.[4] Evidence is material when there is "a reasonable probability that the result of the trial would have been different if the suppressed documents had been disclosed to the defense."[5]  "To the extent *Brady* applies where an allegation is made that the government's belated disclosure of material during the trial resulted in prejudice to the defense, the materiality inquiry focuses on whether earlier disclosure would have created a reasonable doubt of guilt."[6]

### III.  DISCUSSION

The Court finds no basis for finding that earlier disclosure of the Vice President's identification of another individual would have created a reasonable doubt of guilt that did not otherwise exist.  Defendant argues that prior disclosure would have altered their strategic planning for trial, including offering the other individual as a possible robber.  However, the Vice President's testimony regarding identification was heard by the jury on the first day of evidence.  The jury heard the Officer's testimony regarding identification early on the second day of evidence.  Defendant had the opportunity to cross-examine both witnesses, and extensively cross-examined the Officer regarding both the Vice President's identification of another and the Officer's lack of disclosure. Defendant also had the option to recall the Vice President, if he desired.  Defendant, in his efforts to obtain a new trial, has failed to show by a preponderance of the evidence that the Vice President's

---

[4] *United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998).

[5] *Ford*, 550 F.3d at 983 (quoting *Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

[6] *United States v. Young*, 45 F.3d 1405, 1409 (10th Cir. 1995).

identification of another was material, because "earlier disclosure . . . have created a reasonable doubt of guilt."[7]

Moreover, the jury heard testimony from a Salt Lake City policeman and a 911 operator that initial reports from the first two robberies indicated that the suspect was possibly a while male.[8] Thus, Defendant clearly prepared for trial under the theory that another individual, and not Defendant, committed at least the first two robberies. With regard to the third robbery, the suppressed evidence served only to keep Defendant from investigating the other individual identified by the Vice President. The evidence before the Court indicates that the other individual was in custody at the time of the attempted robbery. The other individual could not, therefore, have committed the robbery and Defendant was precluded only from investigating a dead end.

Because earlier notification of the evidence would not have provided Defendant with a reasonable alternate theory of the crime, and would not, therefore, have created a reasonable doubt of guilt, the Court will deny Defendant's Motion for Mistrial.

IV.  CONCLUSION

It is therefore

---

[7]*Id.*

[8]Defendant is an African American male.

ORDERED that Defendant's Motion for Mistrial with Prejudice (Docket No. 196) and Motion to Dismiss Count Three (Docket No. 198) are DENIED.

DATED   April 20, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge